UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION

| | |
|---|---|
| **JOHN D. JOHNSON** and **LISA R. JOHNSON,**<br><br>　　　　**Plaintiffs,**<br><br>v.<br><br>**NATIONSTAR MORTGAGE LLC**<br><br>　　　　**Defendant.** | CIVIL ACTION NO. 4:17-CV-74-JHM<br><br>ELECTRONICALLY FILED |

## NOTICE OF REMOVAL

Defendant Nationstar Mortgage LLC gives notice pursuant to 28 U.S.C. §§ 1331, 1332, 1441, and 1446 of its removal to this Court of Civil Action No. 17-CI-308, pending in Daviess Circuit Court in the Commonwealth of Kentucky, styled *John D. Johnson and Lisa R. Johnson v. Nationstar Mortgage LLC* (the "State Court Action"). Removal is proper based on federal question jurisdiction and diversity jurisdiction. In support of this Notice, Nationstar states as follows:

　　　　1.　　　Plaintiffs John and Lisa Johnson commenced this action, Case No. 17-CI-308, on March 23, 2017. On May 30, 2017, the Daviess Circuit Court allowed Plaintiffs to amend their complaint.

　　　　2.　　　The United States District Court for the Western District of Kentucky, Owensboro Division, is the judicial district and division embracing the place where the State Court Action was filed by Plaintiffs and thus is the appropriate court for removal pursuant to 28 U.S.C. § 1441(a).

　　　　3.　　　This Notice of Removal is timely because it is being filed within thirty days of receipt by Nationstar of Plaintiffs' May 4, 2017 post-complaint settlement demand letter,

attached as **Exhibit 1**, which is the "amended pleading, motion, order, or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3).

4. The settlement demand sent by Plaintiffs to Nationstar on May 4, 2017 constitutes "other paper" under 28 U.S.C. § 1446(b)(3). *Nagarajan v. Ostruskza*, No. 5:12-CV-00091-TBR, 2012 U.S. Dist. LEXIS 149998, at *7 (W.D. Ky. Oct. 17, 2012) (finding that a post-complaint settlement demand was "other paper" under § 1446). Plaintiffs' settlement demand illustrates that the amount in controversy exceeds $75,000, making this action removable on the basis of diversity jurisdiction.

5. Following the Daviess Circuit Court's grant of Plaintiffs' motion to amend their complaint on May 30, 2017, this case also became removable on the basis of federal question jurisdiction because Plaintiffs allege that Nationstar violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq*. (Am. Compl. ¶¶ 65–70.)

## FEDERAL QUESTION JURISDICTION

6. This Court has federal question jurisdiction. Pursuant to 28 U.S.C. § 1331, "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. This Court has original jurisdiction pursuant to 28 U.S.C. § 1331 because it is apparent from the face of the amended complaint that this action arises under and presents substantial questions of federal law under the FDCPA. (Am. Compl. ¶¶ 65–70.)

7. Specifically, Plaintiffs claim that Nationstar is a "debt collector" under the FDCPA and that Nationstar communicated false credit information to a third party. (Am. Compl. ¶¶ 66–70.)

8. Therefore, removal is proper because a federal question appears on the face of the amended complaint.

9. The remaining claims asserted by Plaintiffs are related to their FDCPA claim such that they form part of the same Article III case or controversy. Accordingly, this Court has supplemental jurisdiction over the state law claims asserted in Plaintiffs' amended complaint. 28 U.S.C. § 1367(a).

### DIVERSITY JURISDICTION

10. This court has diversity jurisdiction. Pursuant to 28 U.S.C. § 1332(a), "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . [c]itizens of different States."

11. Plaintiffs are citizens of Kentucky. (Am. Compl. ¶ 1.)

12. Defendant Nationstar is a Texas citizen. A limited liability company has the citizenship of all of its members. *See Homfeld II, L.L.C. v. Comair Holdings, Inc.*, 53 F. App'x 731, 732 (6th Cir. 2002). Nationstar is a limited liability company, and all of its members reside in Texas. As a result, Nationstar is a Texas citizen.

13. The amount in controversy exceeds $75,000.

14. If the amount a plaintiff seeks to recover is not self-evidently greater than the federal amount-in-controversy requirement, the defendant satisfies its burden by showing that the amount in controversy "more likely than not exceeds $75,000." *Holiday Drive-In, LLC v. Liberty Mut. Ins. Co.*, No. 4:15-CV-147-JHM, 2016 U.S. Dist. LEXIS 27590, at *7 (W.D. Ky. Mar. 4, 2016). However, the removing party need not "prov[e], to a legal certainty, that the plaintiff's damages are not less than the amount-in-controversy requirement." *Spence v. Centerplate*, 931 F. Supp. 2d 779, 781 (W.D. Ky. 2013).

15. Plaintiffs' settlement demand requested that Nationstar release the mortgage on the property at issue and cancel Plaintiffs' indebtedness. The value of the mortgage is greater than $75,000. Therefore, Plaintiffs' demand is greater than $75,000—the jurisdictional threshold required by § 1332. (*In re Johnson*, No. 10-40836-THF (Bankr. W.D. Ky.) (containing Plaintiffs' mortgage at Docket Number 47-3)).

## PROCEDURAL REQUIREMENTS

16. In filing this notice of removal, Nationstar does not waive, and specifically reserves, any and all objections and/or affirmative defenses it may assert.

17. Pursuant to 28 U.S.C. § 1446(a), Nationstar has attached as **Exhibit 2** all process, pleadings, and orders served on them in the state court action.

18. Pursuant to 28 U.S.C. § 1446(d), Nationstar will provide written notice of the removal of this action to Plaintiffs through their attorney of record and to the Clerk of Courts, Daviess County Circuit Court, Daviess County, Kentucky. A copy of the notice of filing the notice of removal being filed in the Circuit Court is attached as **Exhibit 3**.

WHEREFORE, Defendant Nationstar Mortgage LLC respectfully requests that the Court assume jurisdiction over this action.

        Respectfully submitted,

        */s/ Jennifer A. Pekman*_____
        Christy A. Ames
        Jennifer A. Pekman
        STITES & HARBISON PLLC
        400 West Market Street
        Suite 1800
        Louisville, KY 40202-3352
        Telephone: (502) 587-3400
        Email: cames@stites.com
              jpekman@stites.com
        *Counsel for Defendant, Nationstar Mortgage LLC*

## CERTIFICATE OF SERVICE

On June 2, 2017, I served a copy of the foregoing Notice of Removal upon the following counsel of record by first class U.S. Mail, postage-prepaid:

Russ Wilkey
WILKEY & WILSON, P.S.C.
111 West Second Street
Owensboro, KY 42303
*Counsel for Plaintiff*

        */s/ Jennifer A. Pekman*_____
        *Counsel for Defendant*